947 F.Supp. 1322 (1996)
Lee Roy BEDWELL, Mary Moss, Plaintiffs,
v.
JEFFERSON SMURFIT CORP., Defendant.
No. 4:95CV495 ERW.
United States District Court, E.D. Missouri. Eastern Division.
July 24, 1996.
*1323 *1324 Neil J. Maune, Walker and Maune, Granite City, IL, for plaintiffs.
James N. Foster, Jr., Partner, Geoffrey M. Gilbert, Jr., McMahon and Berger, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
WEBBER, District Judge.
This matter is before the Court on defendant's Motions for Summary Judgment. [Doc. 22, 25]
Plaintiff Lee Roy Bedwell brings suit against defendant Jefferson Smurfit Corp. for alleged age discrimination. Defendant, a manufacturer of paper and packaging products and a recycler/exporter of waste paper, employed Lee Roy Bedwell in its finishing department. In June 1993, defendant demoted Mr. Bedwell from his position as Lead Person (foreman) in the finishing department to glue machine operator. Mr. Bedwell was 59 years old at the time of the employment action. Mr. Bedwell attributes his demotion to age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et. seq. and the Missouri Human Rights Act (MHRA), § 213.010 et. seq.
Plaintiff Mary Moss brings suit against defendant for alleged acts of age and disability discrimination. Ms. Moss worked in the finishing department as a catcher, responsible for collecting glue cartons and packing them into cases for shipment. Ms. Moss applied for an auditor position but defendant chose another individual in June 1993. Plaintiff Moss was over 40 years old at the time of the employment action. Although Ms. Moss later received the auditor position, she claims that the 1993 denial constitutes age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et. seq. and the Missouri Human Rights Act (MHRA), § 213.010 et. seq. Plaintiff Moss also argues that defendant discriminated against her on the basis of her disability (shoulder injury) in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12112 et. seq. and the Missouri Human Rights Act (MHRA), § 213.010 et. seq. Finally, Ms. Moss claims that defendant retaliated against her for exercising her rights to worker's compensation benefits in violation of Mo.Rev.Stat. § 287.780.[1]

Standard for Ruling on Summary Judgment
Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., 838 F.2d 268, 273 (8th Cir.1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute *1325 on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986).
Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249, 106 S.Ct. at 2510-11; Celotex, 477 U.S. at 324, 106 S.Ct. at 2553.
In support of its motion for summary judgment, defendant has filed several exhibits. In passing on the motion for summary judgment, this Court is required to view the facts set forth in these documents in a light most favorable to plaintiff, and the Court must give plaintiff the benefit of any inferences that can logically be drawn from those facts. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Moreover, this Court is required to resolve all conflicts in favor of plaintiff. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976).

Discussion

1. ADEA Claims
When a plaintiff raises age discrimination claims, he may rely on circumstantial or direct evidence to prove his case. Nitschke v. McDonnell Douglas Corp., 68 F.3d 249, 251 (8th Cir.1995). If a plaintiff only has circumstantial evidence of discrimination, he must establish a case under the burden shifting McDonnell Douglas framework. Id. (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). On the other hand, if a plaintiff has direct evidence that age discrimination played a "motivating part" in the employment action, he litigates under the "mixed-motives test" of Price Waterhouse. Id. at 253 (citing Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)). This mixed-motives test requires an employer to "prove that it would have made the same decision even if it had not taken [age] into account." Id. (quoting Radabaugh v. Zip Feed Mills, Inc., 997 F.2d 444, 448 (8th Cir.1993)).
A plaintiff does not show direct evidence with mere "stray remarks in the workplace, statements by nondecision-makers, or statements by decision-makers unrelated to the decisional process itself." Id. (quoting Price Waterhouse, 490 U.S. at 277, 109 S.Ct. at 1804-05). Rather, plaintiff can show direct evidence with "conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude." Id. (quoting Ostrowski v. Atlantic Mut. Ins. Co., 968 F.2d 171, 182 (2d Cir.1992)).

a) Plaintiff Bedwell
In this case, plaintiff Bedwell does not specifically request analysis under the mixed-motives test but points to statements allegedly made by his supervisor. On March 31, 1991, approximately two years before plaintiff's demotion, supervisor Truman Kirkland allegedly told plaintiff that "When you old guys get out of here, we'll make some money, you are too set in your ways." Defendant does not dispute that Truman Kirkland made the decision to demote plaintiff. However, defendant disputes that the statement directly reflects the alleged discriminatory attitude. Instead, defendant claims that the statement is ambiguous and could reflect an attitude against workers with seniority regardless of their age. This Court disagrees and finds that the alleged statement is sufficiently clear. The alleged statement directly reflects an alleged discriminatory attitude against older aged employees. As a result, plaintiff has alleged direct evidence of age discrimination.
The burden now shifts to defendant to prove that it would have demoted defendant even if it had not taken his age into account. Nitschke 68 F.3d at 253 (citing Radabaugh, 997 F.2d at 448). Plaintiff's supervisor, Truman Kirkland points to several *1326 reasons why he demoted plaintiff from Lead Person (foreman) to glue machine operator. First, Kirkland claims that production problems occurred while on plaintiff's shift, allegedly due in part to plaintiff's lack of communication with workers. (Kirkland Deposition, p. 6-7). Second, Kirkland claims that plaintiff refused to attend some training sessions at other plants and that plaintiff was the only supervisor who refused to attend training sessions. (Id. at 7-9). Third, plaintiff allegedly questioned management decisions on several occasions. (Id. at 9). Fourth, employees allegedly made complaints about plaintiff's supervision, and on one occasion an employee allegedly filed harassment charges against plaintiff. (Bedwell Deposition, p. 53-54; Defendant's Exhibit B). Truman Kirkland claims that he counseled plaintiff but the alleged problems continued to exist. Plaintiff Bedwell does not challenge the allegations of deficient job performance. Therefore, the Court finds no question of fact, and defendant successfully satisfies its burden under Price Waterhouse. Defendant has proven that it would have demoted plaintiff even if it had not allegedly relied on age as a factor. The Court grants summary judgment to defendant on ADEA claims.

b) Plaintiff Moss
Plaintiff Moss does not specifically characterize her supporting evidence as direct evidence. However, her complaint points to the March 31, 1991 statement allegedly made by supervisor Truman Kirkland to plaintiff Bedwell. As stated in the Court's discussion of plaintiff Bedwell's claims, Mr. Kirkland's statement reflected the alleged discriminatory attitude against older aged employees. The only question is whether Mr. Kirkland can be considered a decisionmaker in plaintiff Moss' employment action. Mr. Kirkland is a supervisor in the finishing department. This is the same department in which plaintiff sought placement as an auditor. Although it is unclear exactly what role Mr. Kirkland had in the decision, the Court gives the plaintiff the benefit of any inferences from the facts. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356 (non-moving party in summary judgment always receives such a benefit). Consequently, the Court considers Mr. Kirkland to be a decisionmaker for purposes of ruling on summary judgment. Because the alleged statement came from a decisionmaker and reflected the alleged discriminatory attitude, the Court recognizes it as direct evidence.
The burden now shifts to defendant. Nitschke, 68 F.3d at 253. Defendant must prove it would have denied the auditor position even if it had not taken Moss' age into account. Id. Defendant claims that it assigns the most qualified individual to the auditor position, and another individual (Cathy Adams) was more qualified than plaintiff Moss in June 1993. (Ruether Deposition, p. 26-27). In fact, defendant claims that Cathy Adams had some previous experience as an auditor, filling in occasionally over a period of three years. (Id.). Plaintiff does not challenge that defendant places the most qualified individual in an auditor position and also does not challenge defendant's assertion that Cathy Adams was more qualified. Consequently, the Court finds no question of fact, and defendant successfully satisfies its burden under Price Waterhouse. Defendant has proven that it would have placed Ms. Adams not plaintiff Moss in the auditor position, even if age had not been taken into account. The Court grants summary judgment to defendant on the ADEA claims.

2. ADA Claims  Plaintiff Moss
Aside from age, plaintiff Mary Moss claims that defendant denied her the auditor position in 1993 because of her shoulder injury. The Court must first determine whether plaintiff has circumstantial or direct evidence. See Reiff v. Interim Personnel, Inc., 906 F.Supp. 1280, 1286-87 (D.Minn.1995) (applying Price Waterhouse mixed-motives test for ADA claims with direct evidence). Because plaintiff does not allege any conduct or statements that could be interpreted as direct evidence, the Court applies the McDonnell Douglas burden shifting framework. Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1318 (8th Cir.1996).
Moss must first establish a prima facie case showing that: 1) she is a "disabled" person; 2) she is "qualified to perform the *1327 essential functions of the job (either with or without reasonable accommodation;" and 3) she has "suffered an adverse employment action under circumstances from which an inference of unlawful discrimination arises." Aucutt, 85 F.3d at 1318. To establish that she is "disabled" under the ADA, plaintiff must show that she has a "physical or mental impairment that substantially limits one or more of the major life activities," "a record of such impairment," or is "regarded as having such an impairment." Aucutt, 85 F.3d at 1318 (quoting 42 U.S.C. § 12102(2)(A)-(C)). Although the statute does not define "major life activities," the Eighth Circuit has adopted EEOC guidelines which interprets working as a major life activity. Id. at 1319 (citing 29 C.F.R. § 1630.2(i)). However, if a plaintiff points to an inability to work, she must show more than an "inability to perform a single, particular job." Id. (quoting 29 C.F.R. § 1630.2(j)(3)(i). Plaintiff must show that the impairment "significantly restrict[s] [her] ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." Id. (quoting 29 C.F.R. § 1630.2(j)(3)(i)).[2]
In this case, plaintiff does not establish a prima facie case because she is not "disabled," as defined under the ADA. Plaintiff admitted in deposition testimony that her shoulder injury (bursitis) only prevented her from doing one job, the job of catcher. (Plaintiff's Deposition, Part II, p. 43-44). The Court finds that this does not constitute an inability to perform "a class of jobs or broad range of jobs" as required by the Eighth Circuit. Furthermore, plaintiff cannot show that the employer regarded her as being disabled. In fact, plaintiff admitted in deposition testimony that the company thought she was capable of performing the catcher job. (Id. at 32).
Even if plaintiff establishes a prima facie case, her claim does not survive the remaining steps of the McDonnell Douglas test. As stated above, defendant argues that it placed Cathy Adams in the auditor position because she was more qualified than Ms. Moss. The Court finds that this qualifies as a "legitimate, nondiscriminatory reason". McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Plaintiff does not contest the accuracy of defendant's explanation and thus fails to prove that defendant's reason is mere pretext for discrimination. Id. at 804, 93 S.Ct. at 1825. Defendant prevails under the McDonnell Douglas framework, and the Court grants summary judgment on plaintiff Moss' ADA claims to defendant.

3. State Law Claims
Because summary judgment is granted to defendant on plaintiffs' federal law claims, the Court declines to address state law claims for lack of pendent jurisdiction. Plaintiff Bedwell and Plaintiff Moss' state law claims are dismissed without prejudice.
For reasons stated above,
IT IS HEREBY ORDERED that defendant's Motions for Summary Judgment are GRANTED. [Doc. 22, 25] An appropriate judgment will accompany this memorandum and order.
IT IS FURTHER ORDERED that plaintiff Bedwell and plaintiff Moss' state law claims are DISMISSED without prejudice.

JUDGMENT AND ORDER
In accordance with the memorandum and order filed this date and incorporated herein,
IT IS HEREBY ORDERED AND ADJUDGED that JUDGMENT is entered against plaintiffs and for defendant. All federal law claims against defendant are DISMISSED with prejudice. The parties are to bear their own costs.
IT IS FURTHER ORDERED that all state law claims against defendant are DISMISSED without prejudice.
NOTES
[1] Plaintiffs Bedwell and Moss originally brought their claims jointly against defendant. Subsequently, on November 17, 1995, the Court severed their claims for separate trials.
[2] The EEOC guidelines also list walking, talking, and other functions as "major life activities," but plaintiff testified in deposition testimony that her shoulder condition did not affect such activities. 29 C.F.R. § 1630.2(i); (Plaintiff Deposition, Part II, p. 42). Therefore, the Court will consider working as the only major life activity claimed to be affected.